[No. 6578. Decided April 22, 1907.]

JOHN CLAPP et al., Appellants, v. HARRIET A. ERVAY et al., Respondents.[1]

QUIETING TITLE—TRUST OR ESTATE RESERVED—EVIDENCE—SUFFICIENCY. Where a judgment creditor is seeking to subject to his judgment, lands held in fee by plaintiffs' daughter and son-in-law, claimed by plaintiffs to be held in trust for them to secure a life estate therein, plaintiffs' action to quiet title is properly dismissed for insufficiency of the evidence, where the plaintiffs' evidence of such trust appears not entitled to credit and inconsistent with their acts indicating that the land was conveyed and held in fee simple in consideration of a personal agreement to support the parents for life without any intent to reserve any lien or interest in the land.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered August 31, 1906, upon findings in favor of the defendants, dismissing an action to quiet title and restrain an execution sale of real estate. Affirmed.

*J. H. Naylor* and *Merrick & Mills,* for appellants.

*Cooley & Horan,* for respondents.

CROW, J.—This action was commenced by John Clapp, Elizabeth Clapp, his wife, and Sarah J. Hill, against Harriet A. Ervay, Frank P. Brewer, as sheriff of Snohomish county, and Albert E. Hill, to obtain a decree adjudicating that John Clapp and Elizabeth Clapp are the owners of a life estate in certain improved lots in Edmonds, Snohomish county, Washington, and to restrain Frank P. Brewer, as sheriff, from selling the lots at execution sale. John Clapp and wife are the parents of their coplaintiff Sarah J. Hill, who is the wife of the defendant Albert E. Hill.

The plaintiffs claim that, about the year 1898, Clapp and wife advanced $500 to purchase from one John Anderson the lots in question, and afterwards advanced $300 more;

[1] Reported in 89 Pac. 883.

that title was taken in the name of Sarah J. Hill, with the understanding that she and her husband, Albert E. Hill, were to support Clapp and wife for the remainder of their natural lives; and that Clapp and wife were to have a life estate, make the property their home, and live thereon with Hill and wife. The fee simple title was conveyed to Sarah E. Hill by Anderson, and no agreement, mortgage, or other written instrument was executed by any of the parties, showing that Clapp and wife or either of them were to have or hold any interest, either legal or equitable. There is evidence indicating that Mrs. Clapp had some other property, and about two years later on August 20, 1900, Sarah J. Hill and her husband executed a written instrument, reciting that, whereas, Elizabeth Clapp had made a will bequeathing all her property to Hill and wife, and whereas the Hills were then living with Clapp and wife, it was in consideration of the premises and of the making of said will, mutually agreed that Hill and wife should provide for Clapp and wife during their lifetime. This instrument contained no mention of any previous agreement, nor did it refer to the lots described in the deed from Anderson to Mrs. Hill. It was not signed by Clapp and wife, but was delivered to and held by them, and they had full knowledge of its contents.

On July 5, 1906, the defendant Harriet A. Ervay obtained a judgment in the superior court of Snohomish county against Albert E. Hill and Sarah J. Hill. The claim upon which this judgment was based originated in certain fraudulent acts of Hill and wife, whereby they had wrongfully obtained money from Mrs. Ervay. On July 6, 1906, an execution was issued upon this judgment and placed in the hands of the defendant sheriff, who, being about to sell the real estate above mentioned, was prevented from doing so by the commencement of this action.

On July 9, 1906, Albert Hill and wife, as parties of the first part, entered into a second written agreement with John Clapp and wife, as parties of the second part, which in sub-

stance recited that it was the original intention of all the
parties, at the date of the purchase of the property, that
the parties of the second part should have a lien upon the
premises as security for their right to reside thereon during
the remainder of their natural lives, and for their comfort-
able support; that Sarah J. Hill had thereafter held the title
upon such condition; and that she and Albert E. Hill had
agreed to suitably maintain and support the parties of the
second part during their natural lives. On the same date
Albert E. Hill and wife filed a declaration of homestead
upon the property. The plaintiffs commenced this action on
August 15, 1906.

The trial court found that, when the plaintiffs Clapp and
wife originally paid $500 for the property in 1898, the title
was taken in the name of Sarah J. Hill with their full knowl-
edge, consent, and approval, and with the full intention that
the absolute title should be and remain in her; that when
they afterwards advanced $300 additional for the construc-
tion of buildings and improvements, such advancement was
made with a like intention; that in consideration of advancing
such money to Sarah J. Hill for the purchase and improve-
ment of the property, she and her husband, Albert E. Hill,
contracted and agreed to provide for Clapp and wife during
their lifetime; that such agreement for their support was
purely a personal contract; that it was not intended to
operate as a lien upon the property, and did not vest in
John Clapp and Elizabeth Clapp, or either of them, any
interest, legal or equitable. Upon the findings made, a decree
was entered dismissing the action. The plaintiffs have ap-
pealed.

The controlling question on this appeal is whether the
findings of fact made and entered by the trial court are sus-
tained by competent and material evidence. We have care-
fully examined the entire record, and conclude that they are
sustained by its clear preponderance. It appears that Clapp
and wife and Hill and wife had been living together for

some time prior to purchasing the land; that the former were very old and feeble, making their testimony very indefinite and unsatisfactory. The principal evidence relied upon by the appellants is that of Hill and wife, and the statements made by them, especially on cross-examination, do not appeal to us as credible. They are interested parties, and we are not compelled to credit their evidence, when their statements, although uncontradicted, do not bear the impress of truth or appear to be worthy of belief. Their attempted explanations of the absence of any written instrument at the date of the original purchase, showing the alleged interest of Clapp and wife, do not seem reasonable, being especially inconsistent with the agreement of August 20, 1900, made some two years later, which expressly stated that the consideration for the support of Clapp and wife was the will made by Mrs. Clapp. The fraud which they perpetrated upon the respondent Mrs. Ervay, as shown by the pleadings and the verdict of the jury in the case of Harriet A. Ervay v. Albert E. Hill and Sarah Hill, his wife, in which she obtained her judgment, does not lend credibility to their otherwise improbable statements. Their execution of another written agreement inconsistent in its terms with that of August 20, 1900, and their filing of a declaration of homestead immediately after the entry of judgment against them not only look suspicious, but seem to have been an afterthought. The entire evidence indicates that Clapp and wife had the property conveyed to Mrs. Hill with the intention that she should hold the full fee simple title in her own right, without any lien or claim in them; that if any agreement existed at that time for their support, it was one in which, as found by the trial court, they looked to the Hills personally, without security, and without regard to the title to the property.

The findings are sustained by the evidence and warrant the judgment entered. The judgment is affirmed.

HADLEY, C. J., ROOT, FULLERTON, and MOUNT, JJ., concur.